429 A.2d 438

**Michael W. SMITH**

v.

**William A. BARCLAY, M.D., and Indiana Hospital.**

**Appeal of William A. BARCLAY, M.D.**

Superior Court of Pennsylvania.

Submitted Nov. 11, 1980.

Filed May 8, 1981.

James A. Wood, Pittsburgh, for appellant.

Francis J. Carey, Pittsburgh, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

PER CURIAM:

This appeal is from an order of the court of common pleas transferring appellee Michael Smith's action in trespass to the Arbitration Panels for Health Care established under the Pennsylvania Health Care Services Malpractice Act (Act).[1] Appellee's complaint avers negligence on the part of appellant Barclay and Indiana Hospital. The court below found that it lacked jurisdiction over the matter because section 309 of the Act, 40 P.S. § 1301.309, granted the health care arbitration panels "original exclusive jurisdiction" over medical malpractice claims. Accordingly, by order dated January 31, 1980, the court below transferred the case to the Arbitration Panels for Health Care.

1. Act of October 15, 1975, P.L. 390, No. 111, *et seq., as amended* by the Act of December 14, 1979, P.L. 562, No. 128, 40 P.S. §§ 1301.101 *et seq.* (Supp.1980–81).

In *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), our supreme court declared section 309 of the Act unconstitutional "because the delays involved in processing these claims under the prescribed procedures set up under the Act result in an oppressive delay and impermissibly infringes [sic] upon the constitutional right to a jury." *Id.*, 491 Pa. at 400, 421 A.2d at 196.

In light of the holding in *Mattos*, the order transferring the instant case to the health care arbitration panels is reversed and the case is remanded to the Court of Common Pleas of Indiana County for further proceedings.