434 A.2d 136

Edward SPRUK

v.

UNITED LABORATORIES OF CLEVELAND, United Laboratories of W. Pa., Inc., Ronald Kasden, Michael B. Goldfarb, M.D., Ross Semboli; Aurel Medical Center, Inc., Ramon Pla, M.D., Arnold J. Snitzer, M.D., Francis Horrigan, M.D., Jose Somera, M.D., Leonardo Delrosario, M.D. and Tony Rich Hair Research Clinics.

Appeal of Francis HORRIGAN, M.D.

Superior Court of Pennsylvania.

Submitted Nov. 13, 1980.

Filed Aug. 14, 1981.

James A. Wood, Pittsburgh, for appellants.

Stanley M. Stein, Pittsburgh, for appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

This is an action in trespass based upon a complaint in which Edward Spruk is plaintiff-appellee and Dr. Francis Horrigan is, among others, defendant-appellant.

Appellant filed preliminary objections raising two questions: (1) a lack of jurisdiction in Common Pleas Court to hear the case, and (2) a lack of power in a Court of Common Pleas to transfer a case to the arbitration panels pursuant to the Health Care Services Malpractice Act, 40 P.S. § 1301.101 et seq.

We reverse.

Appellee, a resident of Pennsylvania, has alleged that beginning in August, 1977, Dr. Horrigan was (1) negligent in his supervision and performance of certain medical procedures, including the Dermis Inversion Process; (2) that he failed to obtain informed consent from the plaintiff-appellee; and (3) that defendant-appellant failed to meet the standards of his profession in his treatment of the appellee.

The court (Papadakos, A. J.) by order dated January 2, 1980, transferred the record together with a certified copy of the docket entries upon payment of the costs by plaintiff to the Administrator for Arbitration Panels for Health Care.

Appellants raise only one question, whether a Court of Common Pleas may transfer a case brought by a plaintiff against a health care provider concerning medical performance subsequent to January 13, 1976 to the Arbitration Panels for Health Care.

In *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), our Supreme Court declared Section 309 of the Act unconsti-

tutional "because the delays involved in processing these claims under the prescribed procedures set up under the Act result in an oppressive delay and impermissibly infringes [sic] upon the constitutional right to a jury."

In light of the holding in *Mattos*, the order transferring the instant case to the health care arbitration panels is reversed and the case is remanded to the Court of Common Pleas of Allegheny County for further proceedings. *Smith v. Barclay, M.D.*, 286 Pa.Super. 510, 429 A.2d 438 (1981).